UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELEAZAR ZAMBRANO A/K/A ELEAZAR ZAMBRANO MAGANA, individually and d/b/a TAQUERIA LOS PERICOS,<br><br>　　　　Defendant. | Case No.  5:14-cv-03927-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 12 |

　　On August 29, 2014, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a Complaint against Defendant Eleazar Zambrano, also known as Eleazar Zambrano Magana, doing business as Taqueria Los Pericos ("Defendant") for violations of the Communications Act of 1934, 47 U.S.C. § 605, the Cable and Television Protection and Competition Act of 1992, 47 U.S.C. § 553, California's Unfair Competition Law, Business and Professions Code § 17200 et. seq., and for conversion. According to the Complaint, Plaintiff was granted the exclusive nationwide commercial distribution rights to *"The One" Floyd Mayweather, Jr. v. Saul Alvarez WBC Light Middleweight Championship Program*, which aired on September 14, 2013. Plaintiff alleges that Defendant unlawfully intercepted the program and broadcast it in violation of Plaintiff's exclusive license.

　　Defendant filed an Answer to the Complaint on January 23, 2015, which included affirmative defenses. Presently before the court is Plaintiff's motion to strike those defenses pursuant to Federal Rule of Civil Procedure 12(f). Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367.

1

Case No.: 5:14-cv-03927-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for June 11, 2015, is VACATED. Having carefully reviewed the relevant documents,[1] the court finds, concludes and orders as follows:

1.  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). While a defense need not include extensive factual allegations in order to give fair notice (Sec. People, Inc., 2005 U.S. Dist. LEXIS 44641, at *6), bare statements reciting mere legal conclusions may not be sufficient. CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 U.S. Dist. LEXIS 99538, at *21, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).

A court may also strike matter in an answer that is immaterial or impertinent. Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)). Impertinent matter does not pertain, and is not necessary, to the issues in question. Id.

2.  Defendant asserted thirteen affirmative defenses in his original Answer. His proposed amended pleading reveals he has since abandoned six of those defenses. Accordingly, the affirmative defenses based on failure to state a claim, statute of limitations, laches,

---

[1] Defendant's opposition to the motion should have been filed no later than February 27, 2015, under the deadlines imposed by Civil Local Rule 7, and Plaintiff moves to strike the incredibly untimely opposition filed on May 28, 2015. For this motion, the court will not grant that request because Plaintiff has not been particularly prejudiced by the delay, given its ability to file a reply prior to the hearing date. Defendant is notified, however, that future untimeliness may not be excused.

comparative negligence, third-party negligence, and in pari delicto are each DISMISSED WITHOUT LEAVE TO AMEND.

3. This leaves those affirmative defenses based on assumption of risk, unclean hands, estoppel, Plaintiff's liability, other parties' liability, waiver, and failure to mitigate. Since the Answer contains no independent factual assertions, the court finds that these defenses are not plead with sufficient particularity to give Plaintiff fair notice of their basis. To that end, Defendant did not articulate how Plaintiff assumed the risk or why Plaintiff or another party is liable for the conduct described in the Complaint. Defendant also failed to explain why Plaintiff should be estopped from asserting its claims, did not state any facts which would amount to "unclean hands," and did not state how Plaintiff failed to mitigate its damages. Without additional factual development, Plaintiff cannot ascertain whether or not these defenses are properly asserted in this case. See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); see also CTF Development, Inc., 2009 U.S. Dist. LEXIS 99538, at *22 ("[S]imply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'").

4. Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. Wyshak, 607 F.2d at 826. Because these defenses may be applicable to this case with additional factual support, the court will allow Defendant the opportunity to amend. Such an allowance is not prejudicial to Plaintiff, since Plaintiff will also benefit from any factual clarification made in support of the defenses. Accordingly, the remaining defenses - those not already dismissed above - are DISMISSED WITH LEAVE TO AMEND. Any amended Answer shall be filed on or before **June 22, 2015.**

**IT IS SO ORDERED.**

Dated: June 8, 2015



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cv-03927-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE